UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MICHAEL ANTHONY CAIN,                                            :
                                                                 :
                        Petitioner,                   :        07 CIV 5919 (KMK) (MDF)
                                                                 :
   -against-                                                    :        MEMORANDUM ORDER
                                                                 :
CARL HUNT, Superintendent                                        :
Groveland Correctional Facility,                                 :
                                                                 :
                        Respondent.                   :
-----------------------------------------------------------------X

MARK D. FOX, United States Magistrate Judge

      Michael Anthony Cain, a habeas petitioner challenging his state court conviction pursuant to 28 U.S.C. § 2254, has moved for appointment of counsel (Docket #5). For the following reasons, the motion is denied.

      In his habeas petition, Mr. Cain ("Petitioner") claims that both his trial and appellate counsel failed to effectively represent him throughout his criminal proceedings. Specifically, Petitioner claims that his trial attorney failed to conduct pretrial discovery and investigation, and failed to properly raise objections to certain evidence, the indictment and the allegedly inconsistent verdict. He also claims that his appellate counsel failed to submit an effective appellate brief raising, among other issues requested by Petitioner, the deprivation of Petitioner's Sixth Amendment right to effective counsel.

      Petitioner further claims in his habeas petition that he was deprived of his right to a fair trial as a result of certain instances of prosecutorial misconduct. In support of this contention, Petitioner alleges, *inter alia*, that the prosecutor failed to turn over exculpatory evidence concerning a police witness, and failed to alert the defense to false testimony given at trial.

The standard applicable to a civil indigent's application for appointment of counsel also applies to a federal habeas petitioner. *See, e.g., Frazier v. Wilkinson*, 842 F.2d 42, 46-47 (2d Cir. 1988), *cert. denied*, 488 U.S. 842 (1988); *Buitrago v. Scully*, 705 F. Supp. 952, 957-58 (S.D.N.Y. 1989). As evidence of their broad discretion in disposing of applications for appointed counsel, the Court of Appeals has instructed district courts to first evaluate the likelihood of success on the merits of the petitioner's claims. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). If the application meets the threshold requirement, the district court should further consider "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989); *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

Petitioner acknowledges that he made no effort to locate *pro bono* counsel from other sources before moving for appointing counsel. In support of his application, Petitioner states that he is indigent, and that he believes an experienced attorney would effectively expedite the legal proceedings based on his petition and the evidence. Nevertheless, the memoranda submitted by Petitioner in support of his habeas petition raise substantive legal issues, and suggest that Petitioner is able to present his case.

Ordinarily, a federal habeas court does not assign counsel unless a hearing is

contemplated. *Ramirez v. Attorney General, et al.*, No. 99 Civ. 1909, 1999 WL 893467, at *2 (S.D.N.Y. Oct. 18, 1999) ("If no evidentiary hearing is necessary, the appointment of counsel is not warranted."). Upon preliminary examination of the parties' submissions, the Court anticipates that Petitioner's claims can be properly addressed and decided on the papers presented. *See Gonzalez v. Hoke*, No. 91 Civ. 9952, 1991 WL 130894, at *4-5 (S.D.N.Y. July 8, 1991); *Dennis v. Henderson*, No. 88 Civ. 0693, 1989 WL 2715, at *1-2 (S.D.N.Y. Jan. 9, 1989). Accordingly, the exercise of discretion does not favor appointment of counsel at this time.

In the event the Court determines that a hearing is necessary for resolution of the grounds raised in the petition, the Court will arrange for appointment of counsel prior to holding that hearing.

SO ORDERED.

Dated: January **16**, 2007
White Plains, New York

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum Order have been sent to the following:

The Honorable Kenneth M. Karas

Michael Anthony Cain
45 Monhagen Ave.
Middletown, New York 10940

Andrew R. Kass
Office of the Orange County District Attorney
18 Seward Ave.
Middletown, New York 10940