UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ANTHONY CAIN,

                                    Petitioner,

                    - against -

CARL HUNT, Superintendent, Groveland
Correctional Facility,

                                    Respondent(s).

07 Civ. 5919 (KMK) (PED)

**REPORT AND
RECOMMENDATION**

TO:   THE HONORABLE KENNETH M. KARAS,
        UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Michael Anthony Cain ("Petitioner") seeks, by his *pro se* petition, a writ of *habeas*

*corpus* pursuant to 28 U.S.C. § 2254, from his April 9, 2004 conviction entered in Orange

County (De Rosa, J.). Petitioner was convicted, after a jury trial, and sentenced, *inter alia*, to

two to four years' imprisonment. For the reasons set forth below, I respectfully recommend that

this petition be **DISMISSED** without prejudice as unexhausted.

## II. BACKGROUND

A.   **Trial and Sentencing**

On March 25, 2003, in the City of Newburgh, New York, an unoccupied, parked van was

broken into and a purse and the items inside of the purse were stolen.[1] (Jan. 12, 2004 Tr. 51-52

(Docket No. 20)). The victim provided City of Newburgh police officers with a description of

the missing items. (Id. at 55-56). The police department also received a tip that two men had

been seen looking through a woman's purse in the back of a house near the crime scene. (Id. at

---

[1]  Because I conclude that all of Petitioner's claims remain unexhausted, I provide only
summary descriptions of Petitioner's underlying conviction and his claims.

55-56, 113-17).  Two officers responded to that address and testified at Petitioner's trial that they discovered two men – one later identified as Petitioner – a purse, and contents of the purse.  (Id. at 83-87, 117-25; 153-54).  The items, later identified as the victim's property, were found on or near the men at the scene, and those men were then arrested.  (See id. at 57-58, 90-96, 125-128, 135).

Petitioner was later indicted by a Grand Jury of seven counts of criminal possession of stolen property in the fourth degree, and one count of criminal possession of stolen property in the fifth degree.[2]  (Indictment, People v. Cain, No. 5803-03 (N.Y. Sup. Ct. filed Aug. 18, 2003) (attached to Resp't Mem. of Law and R. of Ex. (Docket No. 8) (hereinafter "Resp't Mem."), at Ex. 1).[3]  After a trial by jury, Petitioner was convicted of seven counts of fourth-degree criminal possession of stolen property in violation of N.Y. Penal Law § 165.45(2),[4] and acquitted of the sole count of fifth-degree criminal possession of stolen property in violation of New York Penal Law § 165.40.[5]  (See Jan. 14, 2004 Tr. 3-6 (Docket No. 19)).

_____

[2] Each fourth-degree count represented one stolen credit or bank card.  The sole fifth-degree count represented the remainder of the other stolen property.  (See Resp't Mem. of Law and R. of Ex. 12-13 (Docket No. 8)).

[3] All exhibits cited herein are attached to Resp't Mem.  (Docket No. 8).

[4] "A person is guilty of criminal possession of stolen property in the fourth degree when he knowingly possesses stolen property with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when . . . [t]he property consists of a credit card, debit card or public benefit card . . . ."  N.Y. Penal Law § 165.45(2).

[5] "A person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof."  N.Y. Penal Law § 165.40.

Petitioner, proceeding *pro se*, then moved to set aside the jury verdict pursuant to N.Y. Criminal Procedure Law § 330.30,[6] on the grounds that (1) the verdict was inconsistent, (2) the verdict was against the weight of the evidence,[7] (3) there was insufficient evidence to support a prima facie case, (4) juror misconduct, (5) prosecutorial misconduct, and (6) on the grounds that the Assistant District Attorney had improperly changed the date of the trial. (See Mot. to Set Aside the Verdict, Cain, No. 5803-03 (Jan. 16, 2004) (Ex. 5) (hereinafter "§ 330.30 Mot.")). Petitioner thereafter sent several letters and other addenda to the court referencing his motion. (See Letter from *pro se* Defendant Michael Cain (Jan. 17, 2004) (Ex. 8); Letter from *pro se* Defendant Michael Cain (Feb. 17, 2004) (Ex. 6); Affirmation and Mem. of Law submitted by Michael Cain, *pro se* (Ex. 7) (hereinafter "§ 330.30 Affirm."); Addendum submitted by Defendant Michael Cain, *pro se* (undated) (Ex. 9); Letter from *pro se* Defendant Michael Cain (undated) (Ex. 10)). In one such letter, Petitioner argued that the prosecutor had withheld disclosure of material, in violation of Brady v. Maryland, 373 U.S. 83 (1963), regarding the criminal investigation by the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and the Town

---

[6] A motion made pursuant to New York Criminal Procedure Law § 330.30 is a request to set aside the verdict:

> At any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon the following grounds . . . That new evidence has been discovered since the trial which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant.

N.Y. Crim. Proc. § 330.30(3).

[7] The specific claim raised in the motion was that "the Exculpatory evidence/testimony clearly outweighed the decision of the jury to render a guilty verdict." (Mot. to Set Aside the Verdict, Cain, No. 5803-03 (Jan. 16, 2004) (Ex. 5)).

of Ramapo Fire Department, into acts of arson by one of the arresting officers who had testified at trial.  (See § 330.30 Affirm.).

In its Affirmation in Opposition, the prosecutor did not address Petitioner's Brady claim. The court then denied the motion on the grounds that it was unpreserved under state procedural rules, as well as meritless.  (Decision and Order, Cain, No. 5803-03 (Feb. 25, 2004) (Ex. 12)). The court did not specifically discuss the Brady argument raised in Petitioner's addendum, but did discuss the others claims Petitioner raised.  (See id.)

On April 9, 2004, the court entered a judgment of conviction and sentenced Petitioner to an indeterminate, concurrent term of imprisonment of two to four years for each of the six fourth-degree counts that the jury had found him guilty of.  (Apr. 9, 2004 Tr. 11 (Docket No. 19)).

**B.      Direct Appeal**

Petitioner, through his appellate counsel,[8] appealed his conviction to the New York State Appellate Division, Second Department.  He filed both an appellant brief and a supplemental *pro se* brief.  (See Br. for Def.-Appellant (Ex. 13) (hereinafter "Appellant Br."); Br. for Def.-Appellant (Supplemental) (Ex. 16) (hereinafter "Supplemental Br.")).  In the brief written by counsel, Petitioner argued that his conviction should be reversed because the State had failed to prove his guilt beyond a reasonable doubt.  (See Appellant Br. 6-12).  In Petitioner's *pro se* brief, he raised additional claims: (1) the verdict was "repugnant/Inconsistent;" (2) the People had released the stolen property to the victim prior to trial, in violation of New York law, which resulted in an unfair trial; (3) the evidence was insufficient to support a guilty verdict; and (4)

---

[8] Petitioner was represented by different counsel on appeal.

4

there was newly discovered evidence that the officer had been arrested on arson charges which, had it been disclosed "would probably have changed the verdict at trial, which turned on credibility of [the] officer versus defendant." (See Supplemental Br. 10-11). In support of this final point, Petitioner referred the court to the arguments he had raised in his § 330.30 motion. (See id. at 11 ("This issue was brought to the court's attention pursuant to the Appellant's C.P.L. 330 post-judgment motion concerning this issue . . . .")).

On October 17, 2006, the Second Department issued an Opinion and Order which modified Petitioner's judgment by reducing count four of the Indictment from fourth-degree criminal possession of stolen property, to fifth-degree criminal possession of stolen property, on the grounds that the evidence was not legally sufficient to support the higher charge.[9] Cain, 823 N.Y.S.2d at 183. The Second Department found that the guilty verdict for the remaining charges was supported by the evidence, and that Petitioner's "remaining contentions, including those raised in his supplemental brief, are unpreserved for review and in any event, without merit." Id.

Through his appellate counsel, Petitioner sought leave to appeal to the New York State Court of Appeals. The letter requesting leave stated that the only issues to be addressed were those identified in the "Issues" section of "the Appellant's brief." (Oct. 30, 2006 letter to the Clerk of the Court (Ex. 20)). Leave was denied on December 14, 2006. People v. Cain, 7 N.Y.3d 924 (2006). Petitioner did not seek a writ of certiorari to the United States Supreme Court. (See Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody 2 (Docket No. 1) (hereinafter "Pet.") (unpaginated)).

---

[9] The error involved the People's failure to establish that a "Hudson Federal Credit Union" card found at the scene and belonging to the victim constituted a credit or debit card for purposes of § 165.45(2). See Cain, 823 N.Y.S.2d at 183; (Resp't Mem. 11-12).

5

C.      **Collateral Proceedings**

On June 21, 2007,[10] Petitioner filed the instant petition and asserted three grounds for

relief: (1) ineffective assistance of counsel; (2) prosecutor's <u>Brady</u> violation; and (3)

prosecutorial misconduct. (<u>See</u> Pet.) Respondent filed its Memorandum in Opposition to the

petition on August 28, 2007, in which it argued that the petition should be dismissed because

Petitioner failed to exhaust any of the claims raised therein. (<u>See</u> Resp't Mem.)

Petitioner's Reply to Respondent's Opposition, dated October 4, 2007 (Docket No. 10),

and an accompanying memorandum, dated October 9, 2007 (Docket No. 11), reargues the claims

raised in his *habeas* petition, but does not address Respondent's exhaustion argument.

Petitioner has not filed any post-conviction motions attacking the judgment of conviction

in state court. (<u>See</u> Pet.)

## III. **DISCUSSION**

A.      **The Exhaustion Requirement**

Under 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of

a person in custody pursuant to the judgment of a State court shall not be granted unless it

appears that – (A) the applicant has exhausted the remedies available in the courts of the State;

or (B)(i) there is an absence of available corrective process; or (ii) circumstances exist that

render such process ineffective to protect the rights of the applicant." Section 2254(c) provides

---

[10] A federal court will have jurisdiction over *habeas* petitioners who are "in custody
pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). According to the New York
State Department of Corrections Inmate Population Information website, Petitioner remained
incarcerated at the Groveland Correctional Facility until he was released to parole on or about
April 19, 2007. Petitioner was released from parole on or about August 30, 2007. Accordingly,
at the time Petitioner filed his *habeas* petition, he was on parole. However, status as a parolee
satisfies the "in custody" requirement for purposes of § 2254(a). <u>Spencer v. Kemna</u>, 523 U.S. 1,
7 (1998).

that the petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." The exhaustion requirement promotes interests in comity and federalism by demanding that state courts have the first opportunity to decide a petitioner's claims. Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). A *habeas* petitioner who fails to meet a state's requirements for presenting claims will be barred from asserting those claims in federal court, absent a showing of cause and prejudice or a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

**B.      Petitioner Has Failed to Exhaust Each Claim Presented in his Petition**

**1.      *Ineffective Assistance of Counsel Claims***

Petitioner raises claims of both ineffective assistance of trial counsel and ineffective assistance of appellate counsel in his *habeas* petition. (Pet. 7-9).[11] However, Petitioner has

---

[11] Petitioner states that trial counsel was ineffective because he (1) "conducted no pretrial discovery and failed to file or litigate appropriate motions in the Petitioner's defense," (2) did not conduct sufficient pre-trial investigation of Petitioner's case and thereby "ignored clear evidence for the petitioner," and "failed to make obvious objections and litigations to tainted evidence supporting the state's case." (Pet. 7-8). The "obvious objections" that Petitioner claims trial counsel failed to make involved "Non-compliance with Penal Law, 450.10 – 'Disposal of stolen property,'" "Duplicious Indictment," "Repugnant/Inconsistent verdict," and "Newly Discovered Evidence (Impeachment of prosecutor's primary wittness's [*sic*] testimony." (Id. at 8). Petitioner also states that appellate counsel was ineffective for his failure "to file an effective Appeal Brief as requested by the petitioner with the issues requested hereto

never raised – let alone presented to the highest available state court – an ineffective assistance of counsel argument in any state court proceeding.  New York requires convicted defendants to raise claims that are sufficiently based in the trial record on their direct appeal; claims based on evidence outside the record may be raised in a collateral proceeding to vacate the judgment of conviction.  N.Y. Crim. Proc. Law § 440.10(2)(c).

Here, Petitioner has not presented an ineffective assistance of counsel claim in any state court proceeding, nor has he provided any explanation for his failure to do so.  Claims based on evidence outside of the record may still be raised by Petitioner in a § 440.10 motion.  To the extent that any claims are based on evidence contained within the trial record, Petitioner has offered no explanation for his neglect to pursue such claims on direct appeal.[12]  Accordingly, Petitioner's failure to raise and exhaust these claims bars *habeas* review.

### 2.      **Brady *Claim***

Petitioner's second ground for *habeas corpus* asserts that his Fourteenth Amendment rights were violated when the Orange County Assistant District Attorney allegedly failed to disclose information regarding the investigation into a witness's act of arson by the ATF, the Ramapo Fire Department, and the  Rockland County District Attorney's Office.  (See Pet. 9-10).

---

that deprived the petitioner of his sixth Amendment Right to effective Assistance of counsel even if the petitioner would have lost on appeal."  (Id. 9).

[12]Although a petitioner may satisfy the cause requirement by demonstrating that his attorney's conduct denied him constitutionally adequate representation, he cannot invoke this ground for cause until first asserting and exhausting an equivalent claim for ineffective assistance in state court.  Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000).  While Petitioner may yet raise an ineffective assistance of appellate counsel argument in state court, see People v. Stultz, 2 N.Y.3d 277, 281 (2004), he has not done so to date.

While neither of Petitioner's appellate briefs specifically mentioned a <u>Brady</u> claim, Petitioner's supplemental brief directed the Second Department to arguments he had raised in his § 330.30 motion regarding the newly discovered evidence of the arrest of this witness. (Supplemental Br. 11). A review of the § 330.30 brief, its supplemental letters, and other addenda submitted by the Petitioner indeed reveals that Petitioner raised a <u>Brady</u> argument at that time.

Nonetheless, this argument remains unexhausted because it was not presented to the New York State Court of Appeals. Petitioner's letter to the Court of Appeals stated that the only issues raised in his leave application were those identified in the "Issues" section of "the Appellant's brief." (Oct. 30, 2006 letter to the Clerk of the Court). When a letter in an application for leave to appeal identifies specific claims, those grounds not mentioned in the letter are not "fairly presented" to the state's highest court. <u>Jordan v. Lefevre</u>, 206 F.3d 196, 198-99 (2d Cir. 2000). "Counsel may not transfer to the state courts the duty to comb through an applicant's appellate brief to seek and find arguments not expressly pointed out in the application for leave." <u>Id.</u> at 199; <u>see also</u> <u>Figueroa v. Kelly</u>, 1995 WL 702327, at *2 (S.D.N.Y. Nov. 29, 1995) ("If a petitioner limits the issues to be reviewed in a letter application to the New York Court of Appeals, the other claims presented in his or her Appellate Division brief are not deemed exhausted . . . [but] should be deemed procedurally forfeited for purposes of federal habeas review where the petitioner is now barred from presenting those claims to the state court.");[13] <u>Galdamez v. Keane</u>, 394 F.3d 38, 76 (2d Cir. 2005) (leave application requesting the Court of Appeals review all issues raised in the appellate brief and not specifically addressing

---

[13] Copies of unreported cases cited herein will be mailed to Petitioner. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76 (2d Cir. 2009).

selective issues adequately alerts the court to all of the claims raised before the Appellate Division).

Here, Petitioner's letter refers to all arguments raised in the "Issue" section of the "Appellant brief." However, no such section exists – in either the brief prepared by counsel or in that prepared by Petitioner.[14]  Additionally, neither brief is entitled "Appellant brief."[15]  I further note that the <u>Brady</u> argument was not briefed in the memoranda submitted to the Second Department, but was rather indirectly referenced in Petitioner's supplemental brief and actually argued only in an addendum to his § 330.30 motion.  Accordingly, it cannot be said that this claim was "fairly presented" to the Court of Appeals, and therefore, it remains unexhausted.

### 3.   *Prosecutorial Misconduct Claims*

Petitioner's final ground for *habeas corpus* relief alleges prosecutorial misconduct, in violation of his constitutional right to a fair trial, in three respects: (1) that the prosecutor testified to personal knowledge and referred to evidence outside the record, (2) that the prosecutor made highly prejudicial remarks and gave an improper summation, and (3) that the prosecutor knowingly allowed a witness to present false testimony.  (Pet. 11-12).

---

[14] Both briefs list their arguments as "Points."

[15] The brief prepared by counsel is entitled "Brief for Defendant-Appellant," while the brief prepared by Petitioner is entitled "Brief for Defendant-Appellant Supplemental."

As was the case with Petitioner's ineffective assistance of counsel claims, Petitioner has not presented his prosecutorial misconduct claims to the highest available state court.[16] Accordingly, the claims remain unexhausted and may not be reviewed in a *habeas* petition.

## C.   The Petition Should Be Dismissed Without Prejudice

"[T]here is no basis [for a federal court] to retain jurisdiction over a petition that contains only unexhausted claims." Shomo v. Maher, 2005 WL 743156, at *7 n.12 (S.D.N.Y. Mar. 31, 2005) (Karas, J.). Unlike a "mixed" petition that contains at least one exhausted claim, see Rhines v. Weber, 544 U.S. 269, 275-78 (2005), entering a stay of the proceedings to allow a petitioner the opportunity to exhaust claims in a completely unexhausted petition is not appropriate, "as this would turn federal courts into a jurisdictional parking lot for unexhausted claims and undermine the comity interests promoted by the exhaustion requirement." Shomo, 2005 WL 743156, at *7 (internal quotation marks and citation omitted). The appropriate disposition of such a case is therefore dismissal without prejudice. Id. (citing Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) (per curiam)).

## IV.   CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that the Petition be DISMISSED WITHOUT PREJUDICE.

---

[16] I note that Petitioner did raise a prosecutorial misconduct claim in his motion to set aside the jury verdict on grounds that the prosecutor had improperly "prepped" witnesses prior to trial. (§ 330.30 Mot. 5 (unpaginated)). Neither brief submitted to the Appellate Division presented a prosecutorial misconduct claim. (See Appellant Br.; Supplemental Br.).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: November 10, 2010
White Plains, New York

Respectfully Submitted,

Paul E. Davison
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas Street
White Plains, New York  10601

12

Michael Anthony Cain, *pro se*
# 90005000
Orange County Jail
110 Wells Farm Road
Goshen, NY 10924

Andrew R. Kass, Esq.
Orange County Attorney
255 Main Street, County Government Center
Goshen, NY 10924