USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ANTHONY CAIN,

       Petitioner,

-v-

CARL HUNT, Superintendent, Groveland
Correctional Facility,

       Respondent.

Case No. 07-CV-5919 (KMK)

ORDER ADOPTING REPORT AND
RECOMMENDATION

KENNETH M. KARAS, District Judge:

 On November 10, 2010, Magistrate Judge Davison entered a Report & Recommendation ("R&R") recommending that this Court dismiss Petitioner's habeas corpus Petition without prejudice. (R&R 11 (Dkt. No. 24).) In the R&R, Magistrate Judge Davison provides notice that objections to his conclusions were due within seventeen days, and that failure to object would constitute a waiver of Petitioner's right to appeal. (*Id.* at 12.) No objections have been filed.

 When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008). The Court has reviewed the R&R and finds no error, clear or otherwise. The Court therefore adopts the R&R in its entirety, and it is hereby

ORDERED that the Petition is DISMISSED without prejudice.[1] The Clerk of the Court is respectfully requested to close this case.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000). In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

DATED:   White Plains, New York
         February 2, 2012

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that there is considerable weakness to Petitioner's claim that the prosecution failed to honor its *Brady* obligations when it allegedly failed to disclose the fact that one of the investigating police officers was convicted of a felony. First, Petitioner, in his direct appeal, failed to raise this issue to the New York Court of Appeals, a potentially fatal decision because New York law only entitles him to one direct appeal. See *People v. Wilkov*, 911 N.Y.S.2d 1, 2 (App. Div. 2010) (explaining that an application for leave to appeal under New York Criminal Procedure Law § 460.15 can be made only once); see also *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) ("To satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claim[s] that he now urges upon the federal courts, to the highest court in the pertinent state." (alteration in original) (citations and internal quotation marks omitted)); *Leiva v. Heath*, No. 10-CV-3069, 2011 WL 2565487, at *6 (S.D.N.Y. June 22, 2011) ("In order to meet the exhaustion requirement, a petitioner must fairly present his claim in constitutional terms to the state's highest court."). Second, the Appellate Division rejected this claim on the independent and adequate state ground that the claim was unpreserved for appellate review. See *People v. Cain*, 823 N.Y.S.2d 183 (App. Div. 2006); see also *Downs v. Lape*, 657 F.3d 97, 101-04 (2d Cir. 2011) (holding that petitioner's failure to preserve a claim for appellate review is an independent and adequate state law ground of decision and is not reviewable by a federal court in a habeas petition). Third, the claim suffers from the fact that the arrest and conviction of the officer occurred post-trial, and Petitioner has not plausibly alleged that any Orange County prosecuting official had prior knowledge of the Rockland County investigation into the officer. Nonetheless, the Court will adopt the R&R and dismiss this claim (and the unexhausted claim related to the allegedly improper comments during the prosecutor's summation) without prejudice for failure to exhaust.